```
 1  PAUL M. JAMOND, Esq.
    State Bar: 61613
 2  Attorney at Law
    200 Fourth Street #300
 3  Santa Rosa, CA 95401
    (707) 526-4550
 4  Fax: (707) 526-4596
    Attorney for:
 5  Debtor
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

```
 7  In re:                              No. 12-10468
 8  ANTONIO J. CISNEROS
                                        Chapter 13
 9
                                        Hearing date: 9/12/2012
10                                                     9:00 a.m.
                                                       Santa Rosa
11              Debtor
    _____/
12
              DEBTOR'S TRIAL BRIEF – OBJECTIONS TO TWO
13              SECURED CLAIMS FOR HOA ARREARAGES
         FILED BY LAND SMITH BUSINESS PARK / PRO SOLUTIONS
14              _____
```

**OVERVIEW OF DEBTOR'S OBJECTIONS TO THE TWO SECURED PROOFS OF SUBMITTED BY LAND SMITH BUSINESS PARK HOA / PRO SOLUTIONS FOR CLAIMED SECURED HOA ARREARAGES ON DEBTOR'S TWO COMMERCIAL CONDOMINIUM  UNITS**:

Debtor objects to the allowance of both claim No. 8 filed as a secured claim in the amount of $18,761 by Land Smith Business Park HOA / Pro Solutions as well as claim No. 9 for filed as a secured claim for $15,076.17 by Land Smith Business Park HOA / Pro Solutions for unpaid HOA association dues on Debtor's two contiguous commercial/business condominium properties owned by the Debtor at 333 and 337 West 9th Street, Santa Rosa, California.

**1. Objection to Claim No. 8**

Claim No. 8 deals with Debtor's business condominium unit 337 West 9th Street, Santa Rosa, CA. The "Breakdown of Proof of Claim

Page 1

Amounts" on page 2 of the proof of claim shows the following:

```
"HOA                         $9,941.22
 HOA REIMBURSEMENT            $1,000.00
 MANAGEMENT:                    $100.00
 PRO SOLUTIONS:               $7,720.00
 CLAIM AMOUNT                $18,761.22
```

The $9,941.22 component represents what is actually due Land Smith Business Park HOA for unpaid assessments, interest, and other charges. The "$1,000 HOA REIMBURSEMENT" component of the claim represents the amount of money Pro Solutions charged Land Smith Business Park HOA and Land Smith Business Park HOA paid Pro Solutions for its collection/foreclosure actions.

Debtor does not object to Land Smith Business Park HOA being paid the $9,941.22 asserted nor does Debtor object to it being reimbursed the $1,000 it has paid Pro Solutions for foreclosure fees and costs. Debtor also does not object to the $100 MANAGEMENT component of the claim - which represents the additional fees imposed by Land Smith Business Park's 3rd party manager, OAS Services, for its management fees.

Debtor objects, however, to the entire "Pro Solutions - $7,720.00" component of the creditor's claim. Claim No. 8 should be allowed as a secured claim for a maximum of for $11,041.22 – with the $7,720.00 "Pro Solutions" component disallowed.

**2. Objection to Claim No. 9**

Debtor also objects to allowance of Claim No. 9 filed in the amount of $15,076.17 by Land Smith Business Park HOA / Pro Solutions for back HOA association dues owed on commercial condominium property owned by the Debtor at 333 West 9th Street, Santa Rosa, California.

Page 2

Claim No. 9 deals with Debtor's business condominium unit 333 West 9th Street, Santa Rosa, CA. The "Breakdown of Proof of Claim Amounts" on page 2 of the proof of claim form shows the following:

```
HOA                        $6,952.17
HOA REIMBURSEMENT          $1,000.00
MANAGEMENT:                  $100.00
PRO SOLUTIONS:             $7,024.00
CLAIM AMOUNT              $15,076.17
```

As before, the "Pro Solutions - $7,720.00" component of Claim No. 9 is unjustifiable should be disallowed in its entirety. The claim should be allowed as a secured claim in the maximum amount of $8,052.17 – and then reduced further by set off of Debtor's reasonable attorneys fees incurred in fighting such improper secured claim.

**STATEMENT OF FACTS:**

PRO SOLUTIONS is a collection/foreclosure company owned by non-lawyer Janet Quinn. It specializes in the collection of unpaid HOA dues and assessments. It has 19 employees, none of whom are licensed attorneys. PRO SOLUTIONS solicits collection/foreclosure work for unpaid overdue HOA assessments from its website at www.prosolutions.com and advertises "no cost, no risk" collections for HOA associations.

Debtor fell behind on his HOA dues for his two commercial condominum units with Land Smith Business Park in Santa Rosa.

On July 2, 2009 Pro Solutions entered into a Contract/Agreement with Land Smith Business Park to collect Land Smith's unpaid HOA dues. The 7/2/09 Contract/Agreement provides,

Page 3

in part, as follows:

> "DELINQUENT ASSESSMENT CONTRACT
> ...
>
> Association (<u>i.e.</u> Land Smith Business Park) retains Pro Solutions to collect delinquent assessments, fees, costs and related charges owed to Association by its members and former members.... Pro Solutions shall provide collection services as necessary for recovery of delinquent assessments and attendant charges incurred by or on behalf of Association....
> **<u>The delinquent Owners or other responsible parties shall pay all fees and costs incurred by Pro solutions.</u>**
> **<u>In the event Pro Solutions is unable to collect fees or costs from the delinquent Owner or other responsible party, Association shall not be responsible for such fees or costs.</u>**
> **(Emphasis added)**.

The Contract/Agrement between Pro Solutions and Land Smith HOA further appoints Pro Solutions as foreclosure Trustee for Land Smith HOA and authorizes Pro Solutions to execute and record all nonjudicial foreclosure documents on behalf of Land Smith, including "Lien, Notice of Default, Notice of Sale, Release of Lien or Recision of Notices of Default and/or Sale, Trustee's Deeds and other documents" as Trustee for the HOA.

**1. The Nonjudicial foreclosure of 333 West 9th Street**

On October 10, 2010 Pro Solutions – acting as foreclosure Trustee for Land Smith Business Park -- filed and recorded a Notice of Lien Assessment for Debtor's unpaid HOA dues on the property at 333 West 9th Street, Santa Rosa, California.

Thereafter, on August 5, 2011 Pro Solutions - as authorized foreclosure Trustee for Land Smith Business Park HOA -- filed and recorded a 90-day Notice of Default and Election to Sell pursuant to California Civil Code section 2924.

Page 4

On December 29, 2011 Pro Solutions--as foreclosure Trustee for Land Smith Business Park -- filed and recorded a Notice of Trustee's Sale for Debtor's condominium unit and set February 21, 2012 as the sale date for the 333 West 9th Street parcel.

**B. The Nonjudicial foreclosure of 337 West 9th Street**

Similarly, on June 8, 2010 Pro Solutions acting as foreclosure Trustee for Land Smith Business Park HOA -- filed and recorded a Notice of Lien Assessment for Debtor's unpaid HOA dues on the property at 337 West 9th Street, Santa Rosa, California.

Thereafter, on September 26, 2011 Pro Solutions - as foreclosure Trustee for Land Smith Business Park HOA -- filed and recorded a 90-day Notice of Default and Election to Sell pursuant to California Civil Code section 2924.

On December 29, 2011 Pro Solutions--as Trustee for Land Smith Business Park HOA -- filed and recorded a Notice of Trustee's Sale for Debtor's condominium unit -- setting February 21, 2012 as the sale date for the 337 West 9th Street parcel.

Debtor filed chapter 13 bankruptcy on February 18, 2012 to stop these two scheduled real property foreclosure sales.

**ARGUMENT:**

The "Pro Solution" components of the two proof of secured claims should be disallowed in their entirety on at least 3 separate grounds:

**1. TRUSTEE FORECLOSURE FEES ARE CAPPED UNDER CIVIL CODE SECTION 2924c AND ALL THE ADDITIONAL PRO SOLUTIONS COMPONENTS OF BOTH CREDITOR CLAIMS SHOULD BE DISALLOWED AS EXCEEDING SUCH**

Page 5

**STATUTORY MAXIMUMS**

California nonjudicial foreclosure Trustee fees are statutorily capped under Civil Code section 2924c at $300 per foreclosure (per each of these two foreclosures), plus direct out-of-pocket costs of the foreclosure Trustee for recording, mailing, and publication fees. Maximum allowable foreclosure fees under California law thus come out to $300 plus additional direct out-of-pocket costs – or at most $1,000 per foreclosure – an amount already amply provided for in the "$1,000 - HOA REIMBURSEMENT" component of the 2 filed proofs of claims.

Pro Solutions -- as foreclosure Trustee for the Land Smith Business Park HOA – is not entitled to charge fees for "services" beyond the maximum allowed by California ivil Code section 2924c.[1] The maximum fees prescribed by Civil Code section 2924c

---

[1]Civil Code section 2424 (c) provides that::

(c) Costs and expenses which may be charged pursuant to Sections 2924 to 2924i, inclusive, **shall be limited to the costs incurred for recording, mailing, including certified and express mail charges, publishing, and posting notices required by Sections 2924 to 2924i, inclusive, postponement pursuant to Section 2924g not to exceed fifty dollars ($50) per postponement and a fee for a trustee's sale guarantee** or, in the event of judicial foreclosure, a litigation guarantee. For purposes of this subdivision, a trustee or beneficiary may purchase a trustee's sale guarantee at a rate meeting the standards contained in Sections 12401.1 and 12401.3 of the Insurance Code.
(d) **Trustee's or attorney's fees which may be charged pursuant to subdivision (a)**, or until the notice of sale is deposited in the mail to the trustor as provided in Section 2924b, if the sale is by power of sale contained in the deed of trust or mortgage, or, otherwise at any time prior to the decree of foreclosure, **are hereby authorized to be in a base amount that does not exceed three hundred dollars ($300) if the unpaid principal sum secured is one hundred fifty thousand dollars ($150,000) or less**, or two hundred fifty dollars ($250) if the unpaid principal sum secured

Page 6

establish an upper limit on the amount of Trustee's fees that can be legally charged.

Additionally – and perhaps even more importantly -- Pro Solutions is not allowed to charge the Debtor additional fees and costs <u>beyond</u> the fees and costs it is actually charging its client - Land Smith Business Park HOA.

Pro Solutions is the foreclosure Trustee for the HOA. Pro Solutions does not have to charge its client/beneficiary the maximum allowable foreclosure fee under Civil Code 2924c – <u>it can agree to charge its client less than the maximum</u>. But when it agrees to charge the HOA less than such maximum allowable fee, it cannot pack on or impose additional "phantom fees" or "phantom charges" to the non-client, 3rd party Debtor/property owner and call those allowable foreclosure fees or collection costs.

California does not have a "two-tier" nonjudicial foreclosure fee set – one set of lower or nominal fees to be charged to the client by the Trustee when the client takes the property back in foreclosure and another set of much, much higher fees to be charged to the Debtor/property owner by the Trustee when the Debtor/property owner comes up with the money to cure

---

exceeds one hundred fifty thousand dollars ($150,000), plus one-half of 1 percent of the unpaid principal sum secured exceeding fifty thousand dollars ($50,000) up to and including one hundred fifty thousand dollars ($150,000), plus one-quarter of 1 percent of any portion of the unpaid principal sum secured exceeding one hundred fifty thousand dollars ($150,000) up to and including five hundred thousand dollars ($500,000), plus one-eighth of 1 percent of any portion of the unpaid principal sum secured exceeding five hundred thousand dollars ($500,000)..."

Page 7

the foreclosure arrearages and save the property from actual foreclosure.

Those seeking work as foreclosure trustees cannot advertise for work by effectively saying: "If you go with us as your foreclosure trustee, you will not have to pay us any fees if you end up having to taking the property back. And how can we offer you such a sweet deal? Because will make this up and get all of our fees back and more by overcharging and imposing inflated fees on the Debtor/property owner  - should he able to actually cure the arrearages  and save his property from being foreclosed.  A great no-lose deal for you – maybe a real bad deal for him – but who cares about him anyway?"

When a foreclosure Trustee for an HOA such as Pro Solutions attempts to impose fees and costs on the Debtor/property owner beyond the amount it is actually charging its HOA client, it is not collecting foreclosure "fees" and "costs" – it is imposing what boils down to extortion penalties on extremely vulnerable members of the public in financial distress. [2]

**2. CALIFORNIA LAW PROHIBITS HOAS FROM IMPOSING EXCESSIVE FEES ON UNIT HOLDERS OR COLLECTING AMOUNTS FROM UNIT HOLDERS BEYOND ITS TRUE COSTS**

---

[2] Section 4.10.1 (b) of the Declaration of Covenants, Conditions and Restrictions & Easements for Land Smith Business Park, A Commerical/Industrial Condominium recorded on May 27, 2003, Sonoma County Records document 2003106542 provides in section 4.10.1 (b), page 13 of such CCR provides that any nonjudicial foreclosure sale on Debtor's units "<u>be conducted....in accordance with the applicable providions of section 2924, 2924b, and 2024c of the California Civil Code, applicable to the exercise of powers of sale in mortgages and Deeds of Trust...</u>" (emphasis added).

Page 8

California Civil Code sections 1365-1380 (Davis-Sterling Common Interest Development Act) governs Condominium Home Owners Associations and the rights and interests of HOAs and their unit holder members.

As part of the Act, California Civil Code 1366.1 prohibits HOA's from imposing excessive fees on the condominium unit holders. CC 1366.1 reads as follows:

> "Civil Code section 1366.1 No excessive fees.
> An association shall not impose or collect an assessment or fee that exceeds the amount necessary to defray the costs for which it is levied."

California law makes clear that HOA Associations can only pass on to their individual condo unit holders those costs, fees and assessments which the HOA Association actually and directly incurs itself. The HOA is entitled by law to seek reimbursement of its actual costs from its members. Its secured claim should only be allowed for such an amount.

No HOA, however, has the governmental power to "tax" its members or impose fees and assessments on its members beyond its true, actual HOA costs.

This rule - like the foreclosure Trustee fee cap in Civil Code section 2924c – is there to protect vulnerable members of the public (usually no position to fight or contest such matters) from unjust, illegitimate, and predatory business practices by those out to make an unethical buck at their expense.

Both Civil Code 2924c and Civil Code section 1366.1 prohibit the HOA and/or its foreclosure Trustee – Pro Solutions -- from

Page 9

charging the Debtor sums well beyond those actually being incurred by the HOA itself for the work being performed.

Pro Solutions charged Land Smith Business Park HOA $1,000 in fees and costs (or $2,000 total) for its Trustee foreclosure work in each of the two nonjudicial foreclosure proceedings it initiated against the Debtor. Under the terms of their Agreement, Land Smith Business Park HOA is not obligated to pay and Pro Solutions may not charge further sums to Land Smith unless Land Smith unilaterally terminates its Agreement with Pro Solutions and for some reason "fires them" as its foreclosure Trustee and thus makes it impossible for Pro Solutions to collect its fees directly from the Debtor condo unit holders.[3]

For all of the above reasons, neither Land Smith Business Park HOA or Pro Solutions can force the Debtor to an additional $14,000+ in bogus "fees and costs" to save his real properties from foreclosure.

### 3. **PRO SOLUTIONS FEES ARE PER SE UNREASONABLE AND SHOULD BE DISALLOWED**

Section 506(b) of the Bankruptcy Code provides that an oversecured creditor can charge "reasonable fees, costs, or charges provided for under the agreement or State Statute under which such claim arose."

The fees sought to be imposed by Pro Solutions against the Debtor are NOT provided for or authorized under California law, and are NOT provided for or payable by the HOA to Pro Solutions as part of the Contract / Agreement between the HOA and Pro

---

[3] Not much reason for Land Smith to do that.

Page 10

Solutions.

Therefore, they cannot be legally imposed against the Debtor.

Additionally, all such claimed fees are patently and shamelessly unreasonable on their face.

From the itemization to the Pro Solutions components of the 2 proofs of claim:

— charging for 6 separate "asset searches" at <u>$250 each</u> ($1,500 total) as part of a nonjudicial real property foreclosure process and adding them to the 2 creditor's claims;

- charging for 4 separate payoff demands from the Debtor at <u>$495 each</u> ($1,980 total) for the Debtor's attempt to ascertain what was actually owed, and adding them to the 2 creditor's claims;

- charging <u>at $485 each</u> ($970 total) for filing the 2 separate proofs of claim with the Bankruptcy Court, and adding these fees (these are not attorney's fees as nobody is an attorney) on to the proofs of claims.

### 4. **DEBTOR SHOULD BE AWARDED HIS REASONABLE ATTORNEYS FEES FOR OBJECTING TO THE UNMERITORIOUS SECURED CLAIM AND SUCH SUMS SET OFF AGAINST THE ALLOWED COMPONENT OF THE CREDITORS CLAIMS**

Land Smith Business Park HOA and Pro Solutions have contested Debtor's objection to their Proofs of Claim. Debtor's objections to the proofs of claim should be sustained by the court and the claims disallowed in part as prayed. Additionally, and as prevailing party, Debtor should be awarded his reasonable

Page 11

attorney's fees for successfully objecting to these unmeritorious secured claims.

The Declaration of Covenants, Conditions, Restrictions and Easements for Land Smith Business Park recorded on May 27, 2003 provides in section 4.10.1, that:

"If an ASSESSMENT is delinquent, the ASSOCIATION may recover all fo the following:

(i) Reasonable costs incurred in collecting the delinquent ASSESSMENT, including reasonable attorney's fees...."

Civil Code section 1717 provides for mutual reciprocity in attorney's fee clauses in all contracts and agreements, and thus applies to the recorded CC&R Agreement binding between the HOA and Debtor.

Additionally, whether or not the Declaration of CC&R's provides for recovery of attorneys fees, Civil Code section 1354 (c) directly provides that: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorneys fees and costs."

The governing documents & CC&R's provide that all HOA foreclosure remedies shall be subject to Civil Code section 2924c, and Debtor's claim objections seek to enforce such CC&R's as it inures to the benefit of Debtor and to prevent both Land Smith and Pro Solutions from imposing fraudulent and massive overcharges against the Debtor.

Debtor has filed a separate attorney fee Declaration in conjunction with these proceedings. Debtor has incurred attorney's fees of $5,370 to date in objecting to the claims, propounding and responding to discovery, and reviewing voluminous

documents from Land Smith and Pro Solutions.

Debtor will also incur additional attorneys fees at the contested hearing on this matter, and Debtor's overall attorneys fees are currently estimated at $6,000.

These $6,000 in fees should be awarded and paid to attorney Jamond or at a minimum, further set off against the otherwise allowable component of the 2 secured claims of the HOA.

RESPECTFULLY SUBMITTED,

/s/ *PAUL M. JAMOND*

PAUL M. JAMOND
Attorney for Debtor

Page 13