Jeffrey D. Kirk (SBN 113163)
**LAW OFFICES OF JEFFREY D. KIRK**
231 Market Place #371
San Ramon, CA 94583
Telephone: (925) 413-9201
Facsimile: (925) 369-7375
Email: jdk43law@msn.com

Attorneys for Creditor
LAND SMITH BUSINESS PARK
and respondent JQD, LLC dba PRO SOLUTIONS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANTONIO J. CISNEROS,<br><br>Debtor. | Case No.: 12-10468<br><br>**CLAIMAINTS' TRIAL BRIEF**<br><br>Date: September 12, 2012<br>Time: 9:00 AM<br>Dept. |

Claimants LAND SMITH BUSINESS PARK ("Land Smith") and respondent JQD, LLC dba PRO SOLUTIONS ("Pro Solutions") herewith submit the following trial/ hearing brief on the debtor's objection to Claim Nos. 8 and 9.

The debtor objects to the additional costs and fees charged by Pro Solutions incorporated into Claims 8 and 9. Pro Solutions is an agent of the Association to collect unpaid assessments. The debtor does not deny that he was in default in paying his assessments, that Land Smith hired Pro Solutions to assist in collection the delinquent and past due assessments, or that Pro Solutions rendered substantial services to Land Smith in an attempt to collect the delinquent and past due assessments. The debtor only objects that he should have to pay for any of Pro Solutions charges.

Case: 12-10468   Doc# 50   Filed: 09/10/12   Entered: 09/10/12 23:52:41   Page 1 of 6

Claimants' Trial Brief
USBC. No. Dist. Case No. 12-10468
P a g e | **1**

The debtor raises a number of legal/ technical issues as to why the Pro Solutions component of the Claims Nos. 8 and 9 should be disallowed. None of the objections have merit in that they either mischaracterize the facts or are outright misstatements of the governing law. Pro Solutions herewith addresses each of the debtor's arguments in order.

### A. Argument No. 1: Pro Solutions fees and costs are limited by Cal. Civ. Code §2924c(c) and (d).

The debtor's initial argument is that Pro Solutions is merely a foreclosure trustee and therefore its fees are limited by Cal. Civ. Code §2924c.

The debtor submitted no evidence in support of his theory that Pro Solutions is merely a foreclosure trustee. The evidence is to the contrary. Pro Solutions does provide foreclosure services, but that is a small part of the services rendered, and fees charged. In the declaration of Janet Quinn Dennis, she describes all of the collection services rendered by Pro Solutions in the attempt to collect these obligations. She describes in some detail the work done by Pro Solutions, generally, and in this case, to collect the delinquent assessments. She further describes a nonjudicial foreclosure as a remedy of last resort.

The notion that Pro Solutions is merely a foreclosure trustee has no evidentiary support and is inaccurate. Pro Solutions provides a whole panoply of collection services to its clients, generally and to Land Smith in particular, only a small portion of which involved nonjudicial foreclosure of the Association's lien.

This objection involves a great distortion of the facts and should be overruled.

### B. Argument No. 2: Certain sections of the California Civil Code prohibit Pro Solutions fees.

The debtor next argues that certain sections of the California Civil Code prohibit Pro Solutions fees. The Debtor cites Cal. Civ. Code §1366.1 which states: "An association shall not

**Law Offices of**
**Jeffrey D. Kirk**
231 Market Pl. #371
San Ramon, CA 94583

Case: 12-10468   Doc# 50   Filed: 09/10/12   Entered: 09/10/12 23:52:41   Page 2 of 6

Claimants' Trial Brief
USBC. No. Dist. Case No. 12-10468
P a g e | **2**

impose or collect an assessment or fee that exceeds the amount necessary to defray the costs for which it is levied." The debtor then argues that this section prohibits Pro Solutions from charging the Association/ owner a reasonable fee for its collection services. The prevailing law suggests otherwise.

In *Berryman v. Merit Property Management, Inc.* (2007) 152 Cal.App.4th 1544 and *Brown v. Professional Community Management, Inc.* (2005) 127 Cal.App.4th 532, the Court considered the homeowner's argument that a property manager hired by the association are bound by the strictures of Cal. Civ. Code §1366.1. Both courts rejected that assertion.

In *Brown*, the homeowner claimed that Professional Community Management (PCM) "levy "various fees, fines, liens, imposts, charges, [and] interest charges ... against thousands of homeowners." In connection with its services to LFK, PCM prepares " 'late letters' and 'lien letters' for which it charges a fee and therefore shares in the profits of these illegal fees." The subject fees, "under whatever name, exceed 'the amount necessary to defray the cost for which they are levied' in violation of Civil Code, section 1366.1." *Id.* at 536.

The Brown Court noted that section 1366.1 on its face only applies to associations, not to vendors hired by associations to carry out various tasks. *Id.* at 538.

In addressing the argument that PCM's charges violated the statute the Court stated at pgs. 538-39:

> The Act contemplates the officers and directors of an association will be volunteer homeowners. (See § 1365.7 [limiting liability of volunteer officers and directors].) Surely, the individual homeowners acting as volunteer officers and directors are not expected to perform all of the required services personally, and at no cost. Instead, the association must either hire employees or contract with others to provide the services. Landscape maintenance contractors are hired to mow the grass, painters are hired to paint the clubhouse, swimming pool contractors are hired to repair the pool deck, and managing agents, such as PCM, are hired to make these arrangements, and, importantly, to collect the

**Law Offices of**
**Jeffrey D. Kirk**
231 Market Pl. #371
San Ramon, CA 94583

Case: 12-10468   Doc# 50   Filed: 09/10/12   Entered: 09/10/12 23:52:41   Page 3 of 6

Claimants' Trial Brief
USBC. No. Dist. Case No. 12-10468
P a g e | 3

fees and assessments levied against the homeowners. The costs incurred by the association, for which it levies an assessment or charges a fee, necessarily include the fees and profit the vendor charges for its services. While section 1366.1 prohibits an association from marking up the incurred charge to generate a profit for itself, the vendor is not similarly restricted. Plaintiff would have it that no vendor selling its services to an association could charge a fee, or, indeed, continue in business as a profit-making enterprise. **That cannot be the law.**

[Emphasis supplied].

The Brown Court stated that section 1366 specifically allowed for an association to recover reasonable costs incurred in collecting the delinquent assessments. "Competitive forces, not the statute will constrain the vendors' fees and charges." *Id.* at 539.

In *Berryman*, the Court, following *Brown* held that document transfer charges charged by an independent vendor were not prohibited by section 1368, which applied to associations.

Finally, in *Dey v. Continental Central Credit* (2008) 170 Cal.App.4th 721, the Court rejected a homeowner's fair debt collection lawsuit, which, as here, involved allegations that the collection fee imposed by the third party vendor was unauthorized by Cal. Civ. Code §1366.1. In fact, the allegation that the vendor did not charge the association but only imposed additional costs on the owner is exactly the complaint here.

The *Dey* Court following *Berryman* and *Brown* held that the allegations did not state a cause of action and affirmed the trial court's order sustaining the demurrer without leave to amend.

The lesson taught by *Brown*, *Berrymore* and *Dey* is that the limits on association charges in Cal. Civ. Code §1366.1 apply only to associations and not to their vendors (such as Pro Solutions).

The objection on this basis should be overruled.

Law Offices of
Jeffrey D. Kirk
231 Market Pl. #371
San Ramon, CA 94583

Case: 12-10468    Doc# 50    Filed: 09/10/12    Entered: 09/10/12 23:52:41    Page 4 of 6

Claimants' Trial Brief
USBC. No. Dist. Case No. 12-10468
P a g e | 4

### C. Argument No. 3: Pro Solutions fees are not authorized by law and are unreasonable in amount.

The argument that collection costs are not recoverable is contrary to the statutes governing collection of assessments. Cal. Civ. Code §§1366(e)(1), 1367(a) and (b), 1367.1(a) and (d), 1367.4(b)(1)(B) etc. The fees charged by Pro Solutions are the collection costs referenced in the statute. There is no question that collection costs may be added to the outstanding balance.

The debtor argues that the charges are unreasonable in amount, but produces no declaration substantiating this argument. Moreover the debtor's characterization is inaccurate. As indicated in Dennis' declaration, Pro Solutions charges a series of flat fees for each step in the collection process. For example, debtor argues that $485 is unreasonable for preparing a proof of claim. However, as explained in the Dennis declaration, the "proof of claim" is merely a shorthand description of all services rendered to an association if a debtor files bankruptcy, and not merely completion of a form.

The charges are authorized by law and there is no evidence that they are unreasonable.

### D. Conclusion.

The debtor's objection to Pro Solutions charges in Claims Nos. 8 and 9 should be overruled. Pro Solutions is far more than a mere foreclosure trustee and the restriction of fees for foreclosure trustees cannot be applied to the whole panoply of collection services. Second, Cal. Civ. Code §1366.1 only applied to associations, not their vendors, such as Pro Solutions. Finally, the governing statutes repeatedly authorize recovery of collection costs from the delinquent owner. That is precisely what claimants are seeking. Debtor has not carried its burden of proof of showing that the charges were unreasonable, having submitted no evidence, only argument.

Law Offices of
Jeffrey D. Kirk
231 Market Pl. #371
San Ramon, CA 94583

Case: 12-10468  Doc# 50  Filed: 09/10/12  Entered: 09/10/12 23:52:41  Page 5 of 6

Claimants' Trial Brief
USBC. No. Dist. Case No. 12-10468
P a g e | **5**

For all of these reasons, the debtor's objections should be overruled.

Dated: September 10, 2012

LAW OFFICES OF JEFFREY D. KIRK

_____
By Jeffrey D. Kirk
Attorney for Creditor
LAND SMITH BUSINESS PARK and respondent JQD, LLC dba PRO SOLUTIONS

**Law Offices of Jeffrey D. Kirk**
231 Market Pl. #371
San Ramon, CA 94583

Case: 12-10468　　Doc# 50　　Filed: 09/10/12　　Entered: 09/10/12 23:52:41　　Page 6 of 6

Claimants' Trial Brief
USBC. No. Dist. Case No. 12-10468
P a g e | **6**