UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANTONIO CISNEROS,  No. 12-10468

        Debtor(s).
_____/

Memorandum on Objection to Claims
_____

    Chapter 13 debtor Antonio Cisneros owns two condominiums at 333 and 337 West 9th Street in Santa Rosa, California. He fell behind in his payment to the Land Smith Business Park Homeowners' Association ("HOA") and filed this Chapter 13 in order to cure his arrears to the HOA and save his property. He objects to parts of the two claims filed by JQD, LLC dba Pro Solutions ("Pro Solutions") on behalf of the HOA.

    On the proofs of claim, "Land Smith Business Park HOA" is indicated as the creditor and its name and address where notices shall be sent are listed as "c/o Pro Solutions, P.O. Box 311, Pittsburg, CA 94565," with Pro Solution's phone number. Claims #8 and #9 are for $18,761.22 and $15,076.17, respectively. These amounts included actual unpaid HOA dues plus thousands of dollars in collection fees. Cisneros concedes allowance of the HOA dues plus each of the $1,100.00 in expenses actually paid by the HOA. He disputes the validity of the collection fees asserted by Pro Solutions and only seeks disallowance of those portions. The disputed amounts are $7,720.00 for Claim #8 and $7,024.00 for claim #9.

    JQD, LLC dba Pro Solutions is a collection/foreclosure company owned by Janet Quinn

1

Dennis, a non-lawyer. She employs 19 staff members, none of whom are licensed to practice law. On July 2, 2009, the HOA contracted with Pro Solutions to recover Cisneros's delinquencies. Cisneros argues that Pro Solutions' asserted fees are unreasonable and excessive, and not recoverable pursuant to California Civil Code § 1366.1 because the HOA did not actually incur those costs. The contract between Pro Solutions and the HOA provides,

> Association not responsible for fees or costs, except with prior Association approval in unusual cases or upon cancellation by Association. The delinquent Owners or other responsible parties shall pay all fees and costs incurred by Pro Solutions. In the event Pro Solutions is unable to collect fees or costs from the delinquent Owner or other responsible party, Association shall not be responsible for such fees or costs.

California Civil Code § 1366(e) specifies those charges a homeowners association may make when an assessment is delinquent, including "reasonable costs incurred in collecting the delinquent assessment, including reasonable attorney's fees." Civil Code § 1366.1 provides: "An association shall not impose or collect an assessment or fee that exceeds the amount necessary to defray the costs for which it is levied." It is undisputed that the HOA was never charged for and is not liable for the portion of the claims to which Cisneros objects. Section 502(b)(1) of the Bankruptcy Code provides that a claim cannot be allowed if the claim is unenforceable against the debtor by virtue agreement or applicable law. The issue here is whether the HOA has an allowable claim for "costs" which it never paid and has no obligation to pay.

The policy behind California's laws governing homeowners association rights when a property owner is in default is clear, and very much akin to the policy governing nonjudicial foreclosure: the state wants homeowners associations to be compensated for their expenses, but individual property owners ought not have unreasonable burdens on their ability to save their units.[1] The court interprets the statutes strictly, in order to give effect to this policy.

Cisneros is not liable to Pro Solutions in any way. The claims it filed on behalf of the HOA are

---

[1] Cisneros argues that California foreclosure laws are directly applicable to Pro Solutions' conduct. In light of the other determinations, the court does not need to address this issue.

those of the HOA and are allowable only to the extent that the HOA may assert them under state law. It is clear that the fees of Pro Solutions are not allowable claims of the HOA under § 1366(e) because they were not costs *incurred by the HOA* in collecting the delinquent assessment. They are also not allowable under § 1366.1 because they exceed the amount necessary to defray the HOA's costs; they are not costs *of the HOA* at all. To find otherwise opens the door to all sorts of mischief, as an HOA has no incentive whatsoever to question costs for which it is not liable and no incentive to search for services charging more reasonable costs.

Those California courts which have ruled on the rights of homeowners under those statutes have noted that a charge by an HOA is not lawful if it exceeds the homeowners association's costs. *Brown v. Professional Community Management, Inc.,* 127 Cal.App.4th 523, 538 (2005)("[F]ees or assessments levied against homeowners . . . may not exceed the *cost to the association* for providing those services." [emphasis in the original]); *Dey v. Continental Central Credit,* 170 Cal.App.4th 721, 729 (2008)("[A] management company's fees are not illegal unless they exceed the association's 'costs' . . . ."). Pro Solutions argues that notwithstanding this language these decisions "suggest" that it may charge more than the HOA's actual costs, arguing that "the limits on association charges in Cal. Civ. Code § 1366.1 apply only to associations and not their vendors (such as Pro Solutions)."[2] That statement is true as far as it goes, but Pro Solutions seems to forget that it has no independent rights against Cisneros. It is not in privity with Cisneros. Any rights it has against Cisneros stem from the HOA, so it cannot have more rights than the HOA has against Cisneros.[3]

---

[2] *Brown, Dey,* and *Berryman* (note 2 below) all dealt with fees charged by property managers. Pro Solutions is not a property manger. It was hired by the HOA to collect its delinquent assessments. The issue here is not whether Cisneros has a cause of action against Pro Solutions; it is whether Pro Solutions, on behalf of the HOA, can seek costs from Cisneros which are not costs of the HOA.

[3] *Brown* and *Dey* are easily distinguished, as well as *Berryman v. Merit Property Management, Inc.,* 152 Cal.App4th 1544 (2007), since they involved appeals from demurrers sustained in actions for damages brought by a property owners. The courts in both cases held that Civ. Code § 1366.1 only limited the homeowners association and did not create a cause of action against homeowners associations or businesses employed by the associations. *Dey*, at 730 ["We conclude that under *Brown*

3

Even if the court were to find that Pro Solutions' charges were allowable under state law, the court would still not allow the disputed portions of the claims because the court is not convinced that they are reasonable. A claimant makes out a *prima facie* case that an expense is reasonable only when the expense was actually paid. *Stevens v. Chisholm,* 179 Cal. 557, 564 (1919); *Kershaw v. Maryland Cas. Co.*, 172 Cal.App.2d 248, 258 (1959).[4] In this case, the HOA did not pay the disputed amounts so there is no presumption that they are reasonable. The evidence put forth by Pro Solutions does not establish reasonable expenses but only arbitrary charges. Thus, even if the court were to find the disputed charges are legal Pro Solutions has not met its burden of showing them to be reasonable.

For the foregoing reasons, the objections to the claims will be sustained and the claims shall be disallowed in accordance with the objections. Counsel for Cisneros shall submit an appropriate form of order.

Dated: October 1, 2012

                                                                                 Alan Jaroslovsky
                                                                                 U.S. Bankruptcy Judge

---

and *Berryman*, the trial court correctly determined that 'the allegation that [defendants'] collection of fees were greater than the actual costs incurred to collect the debt does not support a cause of action.'"].

The matter before the court here is not whether Pro Solutions or the HOA is liable to Cisneros, but only whether the charges they seek to impose on him are lawful. The reasoning and statements of the law in those cases support Cisneros, not Pro Solutions.

[4] Federal courts state the same principle. See, e.g., *CenturyTel of Fairwater v. Charter Fiberlink,* 2009 WL 959553*3 (W.D. Wis. 2009); *Travelers Cas. and Sur. Co. v. Grace & Naeem Uddin, Inc.,* 2009 WL 6066973*2 (S.D.Fla. 2009)["[E]vidence that Plaintiff paid for the costs and expenses at issue shall be *prima facie* evidence that such costs and expenses are reasonable. The burden then shifts to the Defendants to demonstrate that the costs and expenses are unreasonable."].

4